OPINION OF THE COURT
C. Raymond Radican, J.
In this trustee’s accounting proceeding, the parties seek the court’s instruction as to the proper construction to be given to article fifth (b) of the decedent’s will.
The decedent, Charles F. Corwith, died October 18, 1981. His last will and testament, dated October 1, 1975, was admitted to probate by this court on December 1, 1981. The decedent’s sole distributee was his wife, Grace M. Corwith.
Paragraphs second and fourth of the decedent’s will contain preresiduary bequests to the decedent’s wife, her sisters, and the decedent’s sister. Paragraph fifth divides the residuary into two separate trusts, a marital trust (Part a), and another nonmarital trust (Part b). Construction is sought as to the disposition of the remainder of the Part b Trust.
Paragraph fifth (b) of the will reads as follows:
"I give, devise and bequeath Part b of my residuary estate to my Trustees hereinafter named, in trust, nevertheless, to hold, manage and invest the same, to collect the income thereon and to pay to or apply for the benefit of my wife the net income thereof, in quarterly or other convenient installments, but at least annually, for and during her life.
"Upon the death of my wife, grace, if she survives me, I direct my Trustee to pay over, transfer and assign two-thirds (2/3) of Part b of my residuary estate, in equal portions, to (1) My aforesaid nephew, charles l. corwith: (2) My aforesaid niece, elaine mcduffee: (3) My aforesaid nephew, vincent c. martling; and (4) My aforesaid niece, nancy Malinowski, and one-third (1/3) of Part b of my residuary estate, in equal portions, to (1) United Presbyterian Home; and (2) The Christ First Presbyterian Church of Hempstead. If any of the aforesaid nieces or nephews do not survive to be entitled to a share *833 of the trust or residue, then such share shall go to his or her issue, per stirpes.
"If my wife, grace, does not survive me, I give, devise and bequeath two-thirds (2/3) of my entire residuary estate, in equal portions, to (1) My aforesaid nephew, charles l. cor-with; (2) My aforesaid niece, elaine mcduffee: (3) My aforesaid nephew, Vincent c. martling; and (4) My aforesaid niece, nancy Malinowski, and one-third (1/3) of my entire residuary estate, in equal portions, to (1) Presbyterian Home; and (2) The Christ First Presbyterian Church of Hempstead. If any of the aforesaid nieces or nephews do not survive to be entitled to a share of the trust or residue, then such share shall go to his or her issue, per stirpes.”
Grace M. Corwith survived the decedent but has since died. Charles L. Corwith, the decedent’s nephew and one of the remaindermen of the Part b trust, survived the decedent but predeceased, without issue, Grace Corwith, the life beneficiary. The legal representative of the estate of the decedent’s nephew, Charles, argues that on the decedent’s death, Charles’ remainder interest was vested, subject to complete defeasance (EPTL 6-3.2 [a] [2] [C]; 6-4.9), if, and only if, Charles predeceased the life beneficiary leaving issue. Although he predeceased the life beneficiary, he left no issue, hence, it is argued the remainder which vested in Charles on the decedent’s death remains intact because the only event of divestiture, predecease with issue, did not occur.
Nancy Malinowski and Vincent C. Martling, two of the other remaindermen, argue that application of the so-called "divide and pay over” rule renders the bequest to Charles contingent, not vested. Since the will does not anticipate what actually happened, i.e., Charles’ predeceasing the life beneficiary without issue, Ms. Malinowski and Mr. Martling urge the court to glean from the dispositive provisions of the will a dominant purpose to benefit the decedent’s nieces and nephews equally and from there to pronounce a gift by implication of the ineffective bequest to Charles to the remaining nieces and nephews.
Several canons of construction have application in this deliberation. "These [canons] are not rules of substantive law but merely rules of construction useful as a guide to the interpretation of ambiguous dispositions. Some are essentially rules for arriving at the normal meaning of language. Some, like the constructional preference for early vesting and the *834 constructional preference against intestacy, (a better term is the natural preference for complete disposition) are presumptions based on what the ordinary testator would probably have intended in the circumstances” (Matter of Young, 62 Misc 2d 86, 89).
One of these canons is a preference for a vested rather than a contingent interest, and where a question of construction arises as between early and remote vesting, early vesting is preferred (2 Simes and Smith, Future Interests § 573 [2d edj). This presumption, if it may be so called, is neither conclusive nor without its critics (Rabin, The Law Favors the Vesting of Estates. Why?, 65 Colum L Rev 467) and will yield to other provisions of the will which reveal a contrary intent on the part of the testator (2 Simes and Smith, op. cit).
One such provision which would tend to negate the preference for early vesting is a requirement of survival. By definition, a future estate is one limited to commence in possession at a future time (EPTL 6-4.2). Where the bequest of the future estate contains a survival requirement, it becomes necessary to ascertain: (1) how long the remainderman must survive before his interest becomes vested, and (2) what happens to his interest if he fails to survive until the appointed time.
By statute in New York, remainders are either: (A) indefeasably vested; (B) vested subject to open; (C) vested subject to a complete defeasance; or (D) subject to a condition precedent (EPTL 6-3.2).
Charles’ remainder interest in the trust is either vested subject to complete defeasance, or its vesting is subject to a condition precedent. A future estate vested subject to complete defeasance is defined as, "an estate created in favor of one or more ascertained persons in being, which would become an estate in possession upon the expiration of the proceeding estates, but may end or may be terminated as provided by the creator at, before or after the expiration of such preceding estates.” (EPTL 6-4.9.)
A future estate subject to a condition precedent is defined as, "an estate created in favor of one or more unborn or unascertained persons or in favor of one or more presently ascertainable persons upon the occurrence of an uncertain event.” (EPTL 6-4.10.)
The legal representative of Charles’ estate concedes that the will contains a requirement of survival but argues that it requires Charles to survive the testator, not the life benefi *835 ciary in order for his remainder interest to become vested. When Charles survived the testator, his remainder became vested, subject to complete defeasance only if he predeceased the life beneficiary without issue. Since that did not happen, it is argued, Charles’ vested remainder was unaffected and the value thereof should be paid to his estate.
The remaining nieces and nephews argue that the language in article fifth (b) "I direct my trustee to pay over, transfer and assign” invokes the "divide and pay over” rule of construction which provides that when the gift is in the form of a direction to the trustee to divide and pay over the corpus at some future time, there is a requirement that the beneficiary survive until the time of distribution.
Because the court’s examination of the will as a whole leads it to conclude that Charles’ remainder interest was contingent on his surviving the life beneficiary, the court need not consider the continued viability, if any, of the oft-criticized "divide-and-pay-over” rule (see, Matter of Sweazey, 2 AD2d 292; Halbach, Future Interests: Express and Implied Conditions of Survival, 49 Cal L Rev 297, 300; Gluck, The "Divide and Pay Over” Rule in New York, 24 Colum L Rev 8).
In reaching its conclusion that Charles’ remainder interest was contingent on his surviving the beneficiary, the court sought, as it must, the intention of the testator as expressed by the will as a whole (Matter of Fabbri, 2 NY2d 236). The representative of Charles’ estate relies heavily on Matter of Krooss (302 NY 424) in support of her argument. The dispositive provisions in the will under discussion in Krooss, however, are clearly distinguishable from those under consideration here. In Krooss, the survivorship language read as follows: " 'In the event that either of my children aforesaid should die prior to the death of my beloved wife, Eliese Krooss, leaving descendants, then it is my wish and I so direct that such descendants shall take the share their parent would have taken if then living, share and share alike, to and for their own use absolutely and forever.’ ” (302 NY, at 427, supra.)
In Krooss (supra), the decedent’s daughter survived the decedent but predeceased the life tenant without issue. The legal representative of the daughter’s estate argued, and the Court of Appeals concluded, that the daughter’s remainder interest vested at the decedent’s death and could be divested only if the daughter predeceased the life beneficiary and died *836 leaving issue. Since the divesting event did not occur, the daughter’s vested remainder was undisturbed and was therefore payable to her representative. The Court in Krooss did not, however, rely solely on the above-quoted provision to reach its determination, but examined other provisions of the will as well. Of particular importance are the words which created the remainder interest in the decedent’s children. That provision reads " 'Upon the death of my beloved wife, Eliese Krooss, I then give, devise and bequeath all the rest, residue and remainder of my estate, as well real as personal, and wheresoever situate, to my beloved children, John H. Krooss and Florence Maue, nee Krooss, share and share alike, to and for their own use absolutely and forever. ’ ” (302 NY, at 426-427, supra; emphasis added.) This language convinced the court that the testator’s intent was that the remainder interests vest on his death, subject to defeasance as set forth above.
The will now before this court contains no such vesting language. In fact, the provisions of this will are more analogous to those in Matter of Gautier (3 NY2d 502), a Court of Appeals case six years later than Krooss (supra), and, like Krooss, written by Judge Fuld. There, the Court was construing whether a remainder interest in a trust to "surviving” brothers and sisters meant those surviving the testator or those surviving the life beneficiary. The Court noted that "absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death 'only in the case of an absolute devise or bequest to one and in case of his death to another’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate.” (Matter of Gautier, supra, at 508.)
The court then noted, approvingly, the position of Restatement of Property § 251, to the effect that a limitation creating a remainder interest which describes the takers as those "who survive” or "are living” or words of similar import but which fails to clearly identify to what point in time the remainder-men must survive, tends to establish that the time to which survival is required is the termination of the preceding estate.
The Court in Gautier (supra) was also greatly influenced by the fact that when the testator intended distribution to depend on survival of himself, he said so; he left a bequest to his sister if "she survives me” and provided for a gift over if "she shall not survive me.” (Emphasis added.) In the case before this court, paragraph second (a) of the will leaves $10,000 to a cousin "if she survives me”; paragraph second (b) contains *837 bequests "to each of the following of my wife’s sisters who survive me.” (Emphasis added.) Paragraph fourth and fifth both contain bequests to the decedent’s spouse "if she survives me. ” (Emphasis added.) Contrarily, the bequest to Charles is in the nature of a direction to the trustee to pay a portion of the remainder to his nephew, Charles, but "if any of the aforesaid nieces or nephews do not survive to be entitled to a share of the trust or residue, then such share shall go to his or her issue per stirpes.” (Emphasis added.) Clearly if the decedent had intended distribution of the remainder to depend on survival of himself, he would have said "me” as he did six other times in his will.
The court accordingly concludes that Charles’ interest in the trust was a remainder, subject to a condition precedent. The condition precedent was his survival of the life beneficiary and since the condition precedent did not occur, his interest never vested and died with him. Since he also died without issue, the court must consider what becomes of the share he, or his issue, if any, otherwise would have taken. The remaining nieces and nephews urge the court to find a gift by implication. The court has carefully considered their argument, but, unfortunately, it must fail. “[A] devise or bequest by implication is ordinarily not favored. To warrant such a finding, the gift must be absolutely necessary to carry out the intention of the testator and the implication must be so strong that an intention contrary to that imputed to the testator cannot be presumed to have existed in his mind. To uphold a legacy or devise by implication, the inference from the will of the testator’s intention must be such as to leave no hesitation in the mind of the court and permit of no other reasonable inference” (7 Warren’s Heaton, Surrogates’ Courts § 25 [1] [a] [6th ed]).
If it were possible to ask the decedent how he would have wanted to dispose of Charles’ contingent remainder interest, it might very well be that he would favor his remaining nieces and nephews. However, that result is not one which is so clearly implied as to leave no hesitation in the mind of the court nor does the will foreclose any other reasonable inference from being drawn (Bradhurst v Field, 135 NY 564).
If EPTL 3-3.4 were applicable under these circumstances, the ineffective bequest could be shared by the remaining residuary beneficiaries. By its very terms, however, EPTL 3-3.4 is applicable only to residuary bequests which are ineffective as of the date of the testator’s death. Perhaps the Legisla *838 turc should consider extending the remedy of EPTL 3-3.4 to remainder interests which are ineffective as of the death of the life beneficiary.
The court is aware of the constructional preference for avoiding intestacy, but may not rewrite the decedent’s will in order to avoid intestacy (Matter of Gautier, supra). The decedent’s will contains no provision for disposition of Charles’ remainder interest if he were to predecease the life beneficiary without issue and the will simply does not support the finding of a gift by implication.
Accordingly, the contingent remainder interest of the decedent’s nephew, Charles, shall pass in intestacy to the estate of decedent’s wife, his wife being his sole distributee.