OPINION OF THE COURT
Edward W. McCarty III, S.
Nancy Cave has moved the court for an order: (1) declaring that the premises known as 1618 Falmouth Avenue, New Hyde Park, New York, is not part of the estate of Jane A. Wilder; and (2) directing Scott Cave, the proponent of a will dated January 17, 2014, to amend his petition for probate to remove any reference to 1618 Falmouth Avenue, New Hyde Park, New York, and to decrease the total value of the estate accordingly.
Scott Cave filed a cross motion seeking an order: (1) pursuant to CPLR 6311, for a preliminary injunction, enjoining Nancy Cave and her agents from selling, transferring, conveying, disposing or encumbering 1618 Falmouth Avenue, New Hyde Park, New York, from altering or changing the property, from relocating, removing, selling or confiscating personal property located in the property, and from entering or accessing the property; and (2) turning over to Scott Cave, as preliminary executor of the estate of Jane A. Wilder, all keys to 1618 Falmouth Avenue, New Hyde Park, New York, and providing Scott Cave with full and complete access.
Background
Jane A. Wilder (the decedent) died on July 31, 2014, a resident of New Hyde Park. She was survived by one daughter, Nancy Cave, and by three grandchildren, the children of Nancy Cave. Under the terms of the propounded will, dated January 17, 2014, the decedent bequeathed her real estate, as well as her residuary estate, in equal shares to three grandchildren: Scott Cave, John Thomas Cave, and Jessica Cave. The will names Scott Cave as executor; in the event that he cannot *1046 serve, the nominated successor co-executors are John Thomas Cave and Jessica Cave.
Scott Cave filed a petition for probate on September 9, 2014. Preliminary letters issued to him on September 15, 2014. The petition for probate lists as estate property the real property located at 1618 Falmouth Avenue, New Hyde Park, New York (the Falmouth Avenue property).
The Motion
Nancy Cave’s motion for an order declaring that the Falmouth Avenue property is not part of decedent’s estate and directing amendment of the petition for probate to delete any reference to the Falmouth Avenue property is based upon movant’s claim that the Falmouth Avenue property was transferred by decedent to the Jane A. Wilder Family Trust (the trust), an irrevocable trust created on June 6, 2002 under the laws of New York, between the decedent, as settlor, and Nancy Cave and decedent’s son, Thomas Frank Wilder, as cotrustees. When the trust was created, the Falmouth Avenue property was expressly listed as trust property on schedule A, annexed to the trust agreement, and the Falmouth Avenue property was transferred to the trust pursuant to a deed executed by the decedent and recorded on June 27, 2002.
Section 4 (B) of the trust provides that upon the death of the decedent, “this Trust shall terminate, and the Trustee shall distribute the remaining principal and undistributed income to Settlor’s children, NANCY DEBORAH CAVE and THOMAS FRANK WILDER, in equal shares, per stirpes.” Thomas Frank Wilder predeceased the decedent on February 16, 2013. He was not survived by issue. Pursuant to section 8 (D) of the trust, Nancy Cave acted as the sole trustee after his death.
Counsel for Nancy Cave cites EPTL 3-3.3 and 3-3.4, commonly known as the anti-lapse statute, which provides, in part, that when a testator makes a bequest to his or her issue, and the issue predeceases the testator, the bequest does not lapse, but passes to that issue’s surviving issue, if any. When the predeceased issue is not survived by issue, counsel argues that applicable case law has long held that the bequest or residuary interest vests in the testator’s surviving issue.
In support of the position taken by Nancy Cave, counsel argues that it is clear that the Falmouth Avenue property is a trust asset, and that in accordance with the express language of the trust agreement, the remainder interest in the trust *1047 corpus passed to the decedent’s children, in equal shares, per stirpes. EPTL 1-2.14 provides:
“A per stirpes disposition or distribution of property is made to persons who take as issue of a deceased ancestor in the following manner:
“The property so passing is divided into as many equal shares as there are (i) surviving issue in the generation nearest to the deceased ancestor which contains one or more surviving issue and (ii) deceased issue in the same generation who left surviving issue, if any. Each surviving member in such nearest generation is allocated one share. The share of a deceased issue in such nearest generation who left surviving issue shall be distributed in the same manner to such issue.”
Counsel for Nancy Cave notes that the decedent had two issue in the nearest generation: Nancy Cave and Thomas Frank Wilder. Since Thomas Frank Wilder predeceased the decedent leaving no issue, only one share, equal to 100% was created, and it passed to Nancy Cave. Although the petition for probate filed by Scott Cave lists the Falmouth Avenue property as part of the decedent’s probate estate, the Falmouth Avenue property was not owned by the decedent at the time of her death and is not a part of her probate estate, since the decedent transferred it to the trust in 2002. On this basis, counsel maintains that upon the death of decedent, 100% of the Falmouth Avenue property passed to Nancy Cave in accordance with the terms of the trust.
The Cross Motion
A cross motion was filed on behalf of Scott Cave for a preliminary injunction enjoining Nancy Cave from selling, transferring, conveying, or otherwise encumbering the Falmouth Avenue property, or from altering or changing the property, or from relocating, removing, selling or confiscating personalty located in the property, and from entering or accessing the property; and turning over the keys to the Falmouth Avenue property to Scott Cave, and providing him with full and complete access to the property.
An affidavit in support of the cross motion and in opposition to the motion was submitted by counsel for Scott Cave. Counsel begins by acknowledging that decedent created an irrevocable trust, dated June 6, 2002, in which she named her two children, Nancy Deborah Cave and Thomas Frank Wilder, as *1048 beneficiaries. Counsel further acknowledges that the sole asset placed into the trust was the Falmouth Avenue property. Her affidavit then notes that Thomas Frank Wilder died on February 16, 2013, and that the decedent’s will offered for probate by Scott Cave was executed on January 17, 2014, after the death of Thomas Frank Wilder. In the proffered will, decedent devised her interest in real estate to her three grandchildren.
It is counsel’s argument that the anti-lapse statute is inapplicable to inter vivos trusts, and that even if the court found otherwise, the anti-lapse statute would not apply in this case, where the decedent expressed a contrary intent by directing distribution of “the remaining principal and undistributed income to Settlor’s children, Nancy Deborah Cave and Thomas Frank Wilder, in equal shares, per stirpes” without a contingent requirement of surviving the decedent. Counsel argues that since the trust is irrevocable, a one-half interest in the Falmouth Avenue property vested in Thomas Frank Wilder on the date that the Falmouth Avenue property was transferred to the trust by deed, since the law favors early vesting. On this basis, counsel for Scott Cave argues that the estate of Thomas Frank Wilder is the beneficiary of one half of the Falmouth Avenue property and holds title to the property as a tenant in common with Nancy Cave. The estate of Thomas Frank Wilder passed by intestacy to his surviving mother, the decedent, and upon her death his interest in the Falmouth Avenue property passes to decedent’s three grandchildren, pursuant to the terms of the propounded instrument.
In additional arguments, counsel for Scott Cave states that EPTL 3-3.4 only applies to residuary clauses, and since the trust contained only the Falmouth Avenue property, the trust paragraph leaving “the remaining principal and undistributed income to Settlor’s children, Nancy Deborah Cave and Thomas Frank Wilder, in equal shares, per stirpes” is not a residuary clause. Counsel also maintains that since the anti-lapse statute does not apply, the gift to Thomas Frank Wilder lapsed and it reverts back to decedent’s estate, where it passes by the terms of her will to her grandchildren.
Opposition to Cross Motion and in Further Support of Motion
Counsel for Nancy Cave asserts that the motion must be granted, and the cross motion dismissed, because there is a deed, executed on June 6, 2002 and recorded on June 27, 2002, which transferred the Falmouth Avenue property from the *1049 decedent to the trust. He further advises the court that Scott Cave has commenced a separate action (index No. 011814/2014) in Supreme Court, to partition the Falmouth Avenue property and impose a constructive trust, in which action Scott Cave alleges that he and Nancy Cave are the owners of the Falmouth Avenue property as tenants in common in fee simple absolute. Counsel for Nancy Cave notes that the Falmouth Avenue property is indisputably the property of the trust, even if the Surrogate’s Court ultimately determines that decedent’s estate is a beneficiary of the trust. In the Supreme Court action, Scott Cave also filed a notice of pendency, creating a lien on the Falmouth Avenue property. The Surrogate’s Court was not given notice of the Supreme Court action or the notice of pendency, which, according to counsel for Nancy Cave, creates the same restraint on his client’s ability to sell the Falmouth Avenue property as is sought by Scott Cave in his present cross motion.
Counsel for Nancy Cave argues that even if the court finds that decedent’s estate is a trust beneficiary, Nancy Cave still has the right and responsibility, as the sole surviving trustee of the trust, to sell the Falmouth Avenue property. Counsel argues that contrary to arguments made by counsel for Scott Cave that the trustee’s authority terminated upon the death of the decedent, the trust cannot terminate without a winding up of the trust’s obligations and debts. In addition, counsel for Nancy Cave maintains that the interest of the predeceased trust beneficiary, Thomas Frank Wilder, vests in the surviving beneficiary, Nancy Cave, and that even if the propounded instrument is accepted for probate, it does not change the fact that the Falmouth Avenue property was not owned by the decedent at the time of her death, having been transferred to the trust in 2002. Moreover, counsel argues that Scott Cave would only take under the trust if Nancy Cave had predeceased the decedent, since Scott Cave is the issue of Nancy Cave, and not the issue of Thomas Frank Wilder.
Counsel for Nancy Cave argues that despite arguments to the contrary, the ownership of the Falmouth Avenue property is not in dispute; it is owned by the trust, and Scott Cave has no ownership interest in the Falmouth Avenue property. His only possible interest, which is disputed by Nancy Cave, is as a beneficiary of the trust.
*1050 Reply to Cross Motion
On February 4, 2015, which was the agreed upon final date for filing replies in this proceeding, counsel for Scott Cave filed an affirmation with the caption, “Reply to Cross-Motion,” in further support of Scott Cave’s cross motion and in reply to Nancy Cave’s opposition to the cross motion. Counsel asserts that (a) the trust terminated upon the death of decedent; (b) the only trust asset was the Falmouth Avenue property; and (c) the only questions before the court are the following: (1) who owns the Falmouth Avenue property; and (2) whether Nancy Cave has authority to sell the Falmouth Avenue property. Counsel for Scott Cave then argues that the real property passed by operation of law to the trust beneficiaries when title was transferred to the trust, and since the anti-lapse statute is inapplicable, the one-half interest of Thomas Frank Wilder, who died intestate, vested in his sole distributee, his mother, who subsequently devised that interest in the Falmouth Avenue property by will to her three grandchildren. On these grounds, counsel argues that Nancy Cave lacks the authority to sell the Falmouth Avenue property, and that all of her client’s actions have been in furtherance of his responsibility to preserve estate assets.
Surreply in Opposition to Petitioner’s Cross Motion
Counsel for Nancy Cave asks the court to ignore the reply papers filed by counsel for Scott Cave in further support of his cross motion, arguing that the cross motion was not properly or timely served. In addition, counsel argues that the parties stipulated to a briefing schedule that did not provide for the filing of a cross motion. Counsel for Nancy Cave states that his client would not have objected to the cross motion had Scott Cave not insisted on filing a further reply, and routinely and systematically ignored the CPLR and applicable court rules.
Analysis
The parties agree on the following facts:
1. In 2002, the decedent created the trust and transferred the Falmouth Avenue property to the trust by a deed that was then recorded.
2. The trust instrument provides that upon the death of the decedent, the trustee shall distribute trust principal and income “to Settlor’s children, NANCY DEBORAH CAVE and THOMAS FRANK WILDER, in equal shares, per stirpes.”
*1051 3. Thomas Frank Wilder predeceased the decedent on February 16, 2013. He left no issue.
4. Following the death of Thomas Frank Wilder, the decedent executed a will in which she devised all of her real estate “to SCOTT CAVE, JOHN THOMAS CAVE and JESSICA CAVE in equal shares as tenants in common.”
5. Decedent died on July 31, 2014.
6. Upon decedent’s death, pursuant to the terms of the trust, Nancy Cave became the sole trustee of the trust.
The first issue to be addressed by the court is whether the decedent owned any real estate at the time of her death that she could devise under the terms of her 2014 will. The parties agree that in 2002, the decedent transferred all of her right, title, and interest in the Falmouth Avenue property to the trust.
However, counsel for Scott Cave advances the following argument: Upon decedent’s creation of the trust in 2002, Thomas Frank Wilder received a vested one-half interest in the Falmouth Avenue property. Upon the death of Thomas Frank Wilder, the vested interest passed by intestacy to his surviving mother, the decedent, pursuant to EPTL 4-1.1 (a) (4). Upon the death of decedent, the interest was devised by decedent to her three grandchildren in accordance with the terms of decedent’s will.
The first point noted by the court is that whether or not the interest given by decedent to Thomas Frank Wilder was a vested interest, as will be discussed more fully below, the interest of Thomas Frank Wilder was a one-half interest in the trust, and not a one-half interest in the real property which decedent placed in the trust. Thus, Nancy Cave, as trustee, has the sole power, in accordance with the terms of paragraph 5 of the trust instrument, to retain or sell the real property held in the trust.
The remaining issue, then, is the classification of the future interests in the trust created by decedent, which requires a construction of the language giving the remainder to decedent’s “children, NANCY DEBORAH CAVE and THOMAS FRANK WILDER, in equal shares, per stirpes.” This classification will determine whether the interest of Thomas Frank Wilder belongs to Nancy Cave in accordance with a per stirpital distribution, as argued by her counsel, or whether it passed through Thomas Frank Wilder’s intestate estate to decedent, and then in accordance with decedent’s will to her three *1052 grandchildren, as argued by counsel for Scott Cave. In considering this question, the court has carefully reviewed all of the statutes and sources cited by the parties in support of their positions, as well as EPTL 2-1.15, which addresses the consequences of a partly ineffective disposition of trust property to more than one beneficiary. The statute provides:
“Whenever the remainder of a lifetime or testamentary trust passes, whether outright or in further trust, to two or more designated beneficiaries, and such remainder is ineffective in part and no effective alternative disposition has been made in the governing instrument, such ineffective part shall pass to the other designated beneficiary or, if there are two or more other designated beneficiaries, to such beneficiaries in the proportions that their respective interests in such principal bear to the aggregate of the interests of such designated beneficiaries in such principal.”
The history of this statute reflects that the Surrogate’s Court Advisory Committee recommended its creation to address lapsed remainder interests in trust, just as EPTL 3-3.4, enacted in 1967 and known as the residue of a residue statute, addressed lapsed residuary bequests under wills so that they would not pass in intestacy (Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.15 at 315 [2012 ed]). The enactment of EPTL 2-1.15 followed this court’s decision in Matter of Corwith (163 Misc 2d 831 [Sur Ct, Nassau County 1995]), in which a trust remainder was payable to the decedent’s nieces and nephews, if they survived the lifetime income beneficiary, or if they didn’t survive, then to their issue per stirpes. One nephew predeceased the income beneficiary, leaving no issue. At the time, the Surrogate had no choice but to direct that the nephew’s share became payable by intestacy, rather than to the other nieces and nephews. The following year, the New York Legislature passed EPTL 2-1.15, under which the share of the predeceased nephew would have become payable to the other remainder beneficiaries. However, EPTL 2-1.15 only applies where the remainder interest was not vested but was conditioned upon a contingency (Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.15 at 316 [2012 ed]).
The court must therefore determine whether the one-half remainder interest of Thomas Frank Wilder was a vested inter *1053 est or a contingent interest when the trust was created. If the court finds that the interest vested, then EPTL 2-1.15 will not apply, and the court must determine whether the vested interest was subject to defeasance when Thomas Frank Wilder predeceased his mother without issue.
New York recognizes different categories of future interests, or remainders. Future interests created in persons other than the settlor can be divided into four separate categories:
“(A) Indefeasibly vested.
“(B) Vested subject to open.
“(C) Vested subject to complete defeasance.
“(D) Subject to a condition precedent” (EPTL 6-3.2 [a] [2]).
“A future estate vested subject to complete defeasance is an estate created in favor of one or more ascertained persons in being, which would become an estate in possession upon the expiration of the preceding estates, but may end or may be terminated as provided by the creator at, before or after the expiration of such preceding estates” (EPTL 6-4.9).
For a future interest to be classified as a remainder interest subject to complete defeasance, the person holding the remainder interest must be named. The uncertainty must be limited to whether the person’s interest will become “an estate in possession” (Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 6-4.9 at 134-135 [2002 ed]). “A vested interest subject to complete defeasance is vested until the contingency which divests the holder of her remainder interest occurs” (Matter of Vincent J. Castellucci Trust, NYLJ, July 18, 2014 at 37, col 3 [Sur Ct, Westchester County 2014] [citation omitted]).
The decedent named her children, Nancy Deborah Cave and Thomas Frank Wilder, as the remainder beneficiaries of the trust. “A strong inference arises that remainders are vested as of the effective date of the creating instrument when the gift over is to named individuals. This has been held to be true in the case of an inter-vivos trust [and] in wills” (11-119 Warren’s Weed, New York Real Property § 119.07 [4] [2015]). “A gift to a person by name is one of the recognized symbols of a vested remainder” (In re Stevenson’s Trust, 127 NYS2d 626, 629 [Sup Ct, NY County 1954]). The court finds that the trust instrument created remainder interests which vested immediately.
The court must then determine whether the vested interest of Thomas Frank Wilder vested indefeasibly upon creation, or *1054 vested subject to divestment. “The remainder may be defeated before the expiration of the preceding estate and never become possessory” (Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 6-4.9 at 135 [2002 ed]). The court’s determination of the nature of this particular remainder interest must rest upon the language utilized by the decedent in the trust instrument.
“Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant” (Matter of Buechner, 226 NY 440, 443 [1919]). Here, the decedent created vested remainder interests for two named individuals, in equal shares. She then added the words “per stirpes.” It remains to the court to determine the decedent’s intent when she added these two words following the names of her two children. In order to construe decedent’s intention, the court must read the entire trust document (Matter of Fabbri, 2 NY2d 236, 240 [1957]; Matter of Maresi, NYLJ, Mar. 27, 1990 at 29 [Sur Ct, Westchester County]) and consider all of the surrounding circumstances (Matter of Fabbri, 2 NY2d 236, 240 [1957]).
The statutory definition of per stirpes directs a division “into as many equal shares as there are (i) surviving issue in the generation nearest to the deceased ancestor which contains one or more surviving issue and (ii) deceased issue in the same generation who left surviving issue, if any” (EPTL 1-2.14). Counsel for Nancy Cave argues that the division intended by the decedent is a per stirpital division on the level of decedent’s children, and that no share can be created for Thomas Frank Wilder, who failed to survive the decedent.
In Matter of Krooss, the Court of Appeals was asked to construe a will which provided for a gift to two named children, but
“[i]n the event that either of my children aforesaid should die prior to the death of my beloved wife . . . leaving descendants, then it is my wish and I so direct that such descendants shall take the share their parent would have taken if then living, share and share alike, to and for their own use absolutely and forever” (Matter of Krooss, 302 NY 424, 427 [1951]).
One child predeceased the life beneficiary, without issue surviving. The court found that the remainder had vested in the named children, and that the testator’s additional language *1055 indicated the testator’s intent that the interests would only divest if two further events both occurred: (1) that the child predeceases the life beneficiary; and (2) that the predeceased child is survived by issue. Significantly, the court noted that the language did not create an alternative gift.
“There was no such specific and unique disposition of the remainder in the event of [the child]’s death prior to that of her mother; it was to go to her descendants only if she left descendants surviving. In a word, not [the child]’s failure under all circumstances to survive was specified as a condition defeating her estate, but only her death before her mother if she left descendants” (id. at 432 [emphasis omitted and added]).
Ten years later, in Matter of Gulbenkian (9 NY2d 363 [1961]), the Court of Appeals construed a will in which the decedent bequeathed the remainder of a trust fund to his two brothers, “Badrig Gulbenkian and Harutune Gulbenkian, in equal shares and their several descendants per stirpes” (id. at 368 [emphasis omitted]). One of the questions presented to the court was whether the language created a substitutionary gift in the event that the brothers did not survive the life beneficiary. The court stated that the language used by the testator could be read as an indication of the decedent’s awareness that his named brothers might not survive, and found that the addition of the words “and their several descendants, per stirpes” reflected the decedent’s intention that the share of a brother who predeceased leaving issue would pass to his descendants (id. at 370).
In Matter of Winburn (14 Misc 2d 950, 951 [Sur Ct, NY County 1958]), the court was asked to construe a residuary bequest “to my sisters Flora Nagel, Belle Goldenson and Sarah Pincus, and my brothers Ben Ury and Gus Ury, share and share alike, per stirpes, and not per capita.” The court found that the language created a gift to the named individuals, rather than to a class.
A disposition “per stirpes” implies that a class gift is being made, and that there will be a specific division of property among the class of beneficiaries who take the share of a predeceased ancestor (see EPTL 1-2.14; Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 1-2.14), with the initial division calculated at the level of the oldest generation that has survivors (Matter of *1056 Denny, NYLJ, Oct. 8, 1991 at 28, col 6 [Sur Ct, Nassau County]).
Applying the simplest meaning of the term, the decedent’s use of “per stirpes” could not reflect an intention that there would be a per stirpital division between the two individuals she named as beneficiaries, whose interests immediately vested. Instead, the decedent intended that there would be a per stirpital division at the level of her grandchildren or more remote descendants, should any of the remainder interests pass to the surviving issue of a predeceased child of the decedent. Thus, if either Nancy Cave or Thomas Frank Wilder failed to survive the decedent leaving issue surviving, then the share which vested in the predeceased child who left issue would be divested, and would vest in that child’s issue, per stirpes.
Based upon the language used by the decedent in the context of the trust instrument and the surrounding circumstances, the court finds that although the interest of Thomas Frank Wilder in the trust became vested upon creation of the trust, his interest was subject to divestment if two conditions were both met. These conditions were that: (1) the death of Thomas Frank Wilder occur prior to the death of his mother; and (2) Thomas Frank Wilder is survived by issue. If both of these conditions had been met, Thomas Frank Wilder’s interest would have been divested and would have then vested in his surviving issue, per stirpes, although his issue would not have enjoyed their interest until the termination of decedent’s interest (see Matter of Polacco, NYLJ, Jan. 5, 1994 at 24, col 5 [Sur Ct, Nassau County]). However, since Thomas Frank Wilder left no issue surviving, the dual conditions for divestment were not met. The court finds that Thomas Frank Wilder’s vested remainder interest in the trust passed to his estate when he predeceased his mother, leaving no surviving issue.
Conclusion
For the reasons expressed above, the motion of Nancy Cave is granted to the limited extent that the court finds that the Falmouth Avenue property is not part of the estate of Jane A. Wilder but is owned by the trust. At the same time, the court finds that the vested one-half interest of Thomas Frank Wilder in the trust was not divested by his death without issue, and that it therefore became a part of his estate which passed by intestacy to his mother, Jane A. Wilder, during her lifetime, *1057 pursuant to EPTL 4-1.1 (a) (4). Upon the death of Jane A. Wilder, the interest became a part of her estate. Accordingly, the court directs Scott Cave to amend his petition for probate to remove any reference to the Falmouth Avenue property, and to replace it with a reference to the interest of the estate of Jane A. Wilder in the trust.
The cross motion of Scott Cave for a preliminary injunction is denied except to the extent that Nancy Cave is enjoined from selling, transferring, conveying, disposing or encumbering decedent’s personal property located in the Falmouth Avenue property, which personalty is part of decedent’s estate.